## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRENDA WILSON, as mother and next | ) | |
| friend of Teniesha Adams, a minor, and | ) | |
| TENIESHA ADAMS, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | **Case No. 06-cv-0369-MJR** |
| | ) | |
| CAHOKIA SCHOOL DISTRICT # 187 | ) | |
| and PHYLLIS JACKSON, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### I.  Introduction and Procedural Background

In May 2006, Plaintiffs, Brenda Wilson, as mother and next friend of Teniesha Adams, a minor, and Teniesha Adams, filed suit against Defendants, Cahokia School District #187 and Phyllis Jackson.  Plaintiffs alleged, *inter alia*, unlawful search and seizure, violation of substantive due process and battery.  On September 1, 2006, the Court granted in part and denied in part Defendants' motion to dismiss, dismissing with prejudice those portions of the complaint which stated claims against Jackson in her official capacity and Plaintiffs' prayer for punitive damages against the school district. *See* Doc. 22.  On March 14, 2007, the Court granted Plaintiffs' motion for voluntary dismissal of claims of violation of substantive due process and unlawful search and seizure against School District #187, battery against Jackson and intentional infliction of emotional distress against both defendants.  Jackson seeks summary judgment on the two claims remaining against her, which allege violation of the Fourth and Fourteenth Amendments of the

1

United States Constitution and 42 U.S.C. § 1983: 1) deliberate indifference to Adams's substantive due process rights not to have excessive force used against her and 2) unlawful search and seizure of Adams.

At the time this litigation commenced, Adams, a minor, was an eighth grade student at Estelle Academic Center in Cahokia, Illinois ("the Center"). Plaintiffs allege that Jackson, principal of the Center, deprived Adams of her constitutional rights when Jackson grabbed and shook her, dragged her from a school hallway and threw her into a conference room.

## II.    **Standard for summary judgment**

Summary judgment is appropriate only where "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" ***Bevolo v. Carter*, 447 F.3d 979, 982 (7th Cir. 2006),** *quoting* **Fed. R. Civ. P. 56(c), and** *citing* ***Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005), and *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)**. In assessing whether summary judgment is warranted, the Court must construe all evidence, plus the inferences reasonably drawn from the evidence, in the light most favorable to the non-moving party. ***Sallenger v. Oakes*, 473 F.3d 731, 739 (7th Cir. 2007),** *citing **Leaf v. Shelnutt*, 400 F.3d 1070, 1078 (7th Cir. 2005)**. The nonmovant, however, must make a showing sufficient to establish any essential element for which it will bear the burden of proof at trial. ***Celotex*, 477 U.S. at 322**. These standards are borne in mind as the Court reviews the pending motion.

## III.    **Analysis**

Resolving all factual disputes in favor of Plaintiffs, the non-movants, yields the

following series of events.  On the morning of September 20, 2005, Adams was among a group of students standing in the hallway outside the Center's administrative offices.  One of the students said something as the group started up the steps to go to their next class.  The teacher in charge, Mr. Schwab, heard the comment, which violated the Center's rules against talking in the hallways, and required all of the students to walk up and down the stairs several times as punishment.  At some point, Adams complained to another student about walking up and down the stairs.  Jackson overheard Adams's complaint and confronted her about talking in the hall.  Adams responded by telling Jackson that she was not the one who had been talking.  Adams bent to tie her shoe, and Jackson grabbed her by the collar, pulled her upright, caused her to strike her head on a glass window and yelled in her face.  Jackson threw Adams into a conference room, which caused her to strike her leg.  Jackson touched Adams's face, shoved her in the chest and shoulders and told her that she was suspended for ten days.  The following day, Adams was seen at a hospital emergency room, complaining of neck and knee pain.  She was X-rayed, had an ace bandage applied to her knee and was given a pair of crutches.  She subsequently followed up with her medical doctor.

Plaintiffs allege that Jackson is liable, pursuant to 42 U.S.C. § 1983, for violating Adams's Fourth Amendment right to be free from unreasonable seizures and her Fourteenth Amendment right to be free from the use of excessive force against her.  42 U.S.C. § 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Jackson does not deny that her actions were conducted under color of state law. She disputes,

3

however, whether her alleged conduct deprived Adams of any right, privilege, or immunity secured by the Constitution.   Not every state law tort becomes a federally cognizable constitutional tort under § 1983 simply because it was committed by a state actor.  ***Baker v. McCollan*, 443 U.S. 137, 146 (1979)**.  Consequently, the Court's initial inquiry must be whether the alleged actions, if taken as true, deprived plaintiff of her Fourth or Fourteenth Amendment rights.

**A.     Whether Defendant Jackson violated Teniesha Adams' constitutional rights to be free from unreasonable seizures and from the use of excessive force**

In ***Wallace by Wallace v. Batavia School District 101*, 68 F.3d 1010 (7th Cir. 1995)**, the Seventh Circuit considered whether use of force by a teacher against a student comes within the purview of the Fourth Amendment prohibition against unreasonable seizures and the Fourteenth Amendment right to substantive due process.  In ***Wallace***, a teacher seized the left wrist and right elbow of a disruptive student to move her out of the classroom.  **68 F.3d at 1011**. Wallace claimed that the teacher injured her elbow and sued the teacher and the school, under 42 U.S.C. § 1983, claiming violation of her Fourth Amendment right to be free of unreasonable seizure and her Fourteenth Amendment right to substantive due process.

As to the Fourteenth Amendment claim, the Court found that the due process clause did not afford the student any greater protection than the Fourth Amendment from unwarranted discipline while in public school.  ***Wallace*, 68 F.3d at 1015 (*citing Darryl H. v. Coler*, 801 F.2d 893, 901 n. 7 (7th Cir.1986) ( "Fourteenth Amendment due process analysis obviously differs in some respects from Fourth Amendment analysis.  However, . . . we believe both interests can be treated together" because, under both standards, the court must engage in the same balance of interests.)**.  The Court will, therefore, treat Adams's Fourteenth and Fourth Amendment claims together.

In *Wallace*, the Seventh Circuit stated, "The reasonableness of a Fourth Amendment seizure of a public school student by a teacher must be evaluated in the context of the school environment, where restricting the liberty of students is a *sine qua non* of the educational process. Deprivations of liberty in schools serve the end of compulsory education and do not inherently pose constitutional problems. **68 F.3d at 1013-14**. The Court held that ". . . in the context of a public school, a teacher or administrator who seizes a student does so in violation of the Fourth Amendment only when the restriction of liberty is unreasonable under the circumstances then existing and apparent." *Id.* at 1014. Thus, this Court must determine if, under the circumstances presented, Jackson's seizure of Adams was objectively unreasonable. *Id* at 1015.

The Court has carefully and thoroughly reviewed the record. Shorn of rhetoric, this case involves a student who, admittedly, talked in the hallway when she knew that there was a rule against it and, also admittedly, responded to Jackson, when Jackson told her that she should stop talking. Adams alleges that, as a result of her conduct, Jackson, *inter alia*, grabbed and pulled her upright, which caused her to strike her head on a glass window, and threw into a conference room, which caused her to strike her leg. Jackson denies touching Adams other than placing her hand on her shoulder. The accounts of witnesses vary widely, and "summary judgment is a singularly inappropriate time to resolve a 'he said, she said' kind of dispute." *Russell v. Bd. of Trustees of Univ. of Ill. at Chicago*, **243 F.3d 336, 340 (7th Cir. 2001)**. Moreover, as set forth above, the Court must construe all facts in a light most favorable to non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. **FED. R. CIV. P. 56;** *Sallenger,* **473 F.3d at 739 (***citing Leaf,* **400 F.3d at 1078)**. Adhering to that standard, the Court finds that Plaintiffs have made a showing sufficient to establish that issues of fact remain such that the Court cannot grant

5

summary judgment in favor of Jackson.

>    **B.     Whether Defendant Jackson is entitled to qualified immunity**

Jackson argues that she is entitled to qualified immunity because she was performing discretionary acts, and her conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  ***Lunini v. Grayeb*, 305 F.3d 761, 788 (7th Cir. 2005)**.  The Court cannot agree.

"Under the doctrine of qualified immunity, a public official performing discretionary functions is protected against suit from damages unless the official's conduct violates a clearly established statutory or constitutional right."  ***Doe v. Bobbitt*, 881 F.2d 510, 511 (7th Cir.1989) (*citing Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982))**. Furthermore, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." ***Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *Cornfield by Lewis v. Consolidated High School Dist. No. 230,* 991 F.2d 1316, 1324 (7th Cir. 1993)**.  It is well-established that a principal or teacher cannot use excessive force, as here alleged, against a student.  ***Doe v. Heck,* 327 F.3d 492, 523 (7th Cir. 2003) (*citing Meyer v. Nebraska*, 262 U.S. 390, 399 (1923) and *Ingraham v. Wright*, 430 U.S. 651, 661 (1977) (noting that at common law, "a single principle has governed the use of corporal punishment since before the American Revolution: Teachers may impose reasonable but not excessive force  to discipline a child")**.  As here alleged, Jackson's conduct violated a clearly established constitutional right. Accordingly, Jackson is not entitled to qualified immunity.

**IV.**    <u>Conclusion</u>

For the foregoing reasons, the Court **DENIES** Defendant Phyllis Jackson's Motion for

Summary Judgment (Doc. 30).

**IT IS SO ORDERED.**

**DATED this 18th day of June, 2007**

<u>s/Michael J. Reagan</u>         
**MICHAEL J. REAGAN**
**United States District Judge**