UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRENDA WILSON, ) <br>     as mother and next friend of ) <br> TENIESHA ADAMS, a minor ) <br> ) <br>     Plaintiffs, ) <br> vs. ) <br> ) <br> PHYLLIS JACKSON, ) <br> ) <br> Defendant. ) | CASE NO.  06-369-MJR |

### PLAINTIFFS' OBJECTIONS TO DEFENDANT'S MOTIONS IN LIMINE

    NOW COME the plaintiffs by and through their undersigned attorneys and for their Objections to Defendant's Motions In Limine states as follows:

    1.    According to the Illinois Supreme Court, a motion in limine "permits a party to obtain an order before trial excluding any inadmissible evidence and prohibiting interrogation concerning such evidence without the necessity of having the questions asked and the objections thereto made in front of the jury.  Thus, the moving party will be protected from whatever *prejudicial* impact the mere asking of the questions and the making of the objections may have upon the jury."  Reidelberger v. Highland Body Shop, Inc, 83 Ill. 2d 545, 549, 416 N.E. 2d 268 (Ill. 1981).  (Emphasis added.)  Further, a motion in limine, should not unduly restrict the opposing party's presentation of its case.  Reidelberger, 83 Ill. 2d at 550.  Defendant has no right to utilize a motion in limine to hamper plaintiffs' presentation of relevant admissible evidence.  Lundell v. Citrano, 472 N.E. 2d 541, 545, 84 Ill. Dec. 581 (Ill. App. 1st Dist. 1984).

    2.    Plaintiffs object to defendant's motions in limine 4, 5, 7 through 9, 12 through 22 and 25 because defendant fails to claim that any of evidence that she seeks to bar in these respective motions will be prejudicial to her.  Defendant is simply attempting to unduly restrict plaintiffs' ability to present relevant admissible evidence before the jury by using said motions as substitutes for proper objections at trial.  Defendants' motions in limine should therefore be denied.

    3.    Plaintiffs further object to defendant's fourth motion in limine because it merely states examples of how medical bills may be admissible into evidence under Illinois law and serves no legitimate purpose at this time.

    4.    Plaintiffs further object to defendant's fifth motion in limine, because plaintiffs are entitled to present into evidence the full amount of Teniesha Adams' medical bills that are usual, customary and reasonable.  Under the collateral source rule, plaintiffs' damages recoverable from the defendant are not to be diminished by benefits that they received from a source wholly independent of the defendant.  Wilson v. Hoffman Group, 131 Ill. 2d 308, 320, 546 N.E. 2d 524 (Ill. 1989).  Justification for the rule is that the defendant should not benefit from among other sources other relations that may exist between the plaintiffs and third persons.

Wilson, 131 Ill. 2d at 320.  According to the Restatement (Second) of Torts, collateral benefits that are not subtracted from the plaintiff's recovery are social legislation benefits which include social security benefits and welfare payments.  Restatement (Second) of Torts Sec. 920A ,cmt. c (2007).  Medicaid's payment of Teniesha Adams' medical bills is a social legislation benefit for the plaintiffs that should not be diminished.  Further, plaintiffs respectfully request that the Court bar any evidence that any of Teniesha Adams' bills were paid by Medicaid pursuant to the collateral source rule and because the introduction of said evidence is not relevant and would be prejudicial to the plaintiffs.

  5. Plaintiffs further object to defendant's seventh, eighth and ninth motions in limine because defendant fails to state any reason why any evidence referenced within these respective motions should be barred.

  6. Plaintiffs further object to defendant's twelfth motion in limine because the "Patient's Condition Form" from Kenneth Hospital is admissible pursuant to Rule 803(4) of the Federal Rules of Evidence because the information contained therein was made for the purposes of medical diagnosis and treatment, described symptoms of pain as well as the general character of the cause of Teniesha Adams' injuries which was reasonably pertinent in diagnosing her injuries and determining the course of her treatment.  Fed. R. Evid. 803 (4);  Rock vs. Huffco Gas & Oil Co., Inc., 922 F.2d. 272, 277 (5th Cir. 1991).

  7. Plaintiffs further object to defendant's thirteenth motion in limine because defendant never deposed any of Teniesha Adams' treaters and therefore defendant's claim of what information her treaters may or may not have relied upon in diagnosing and treating her injuries is pure speculation.

  8. Plaintiffs further object to defendant's sixteenth motion in limine, particularly with regard to excluding Dr. Ramon's records.  Defendant relies on three cases to support her motion.  Defendant's cited cases, however, are not applicable because in each case they involve a plaintiff's failure to *identify* plaintiff's expert witness until after discovery was closed and after the defendant had filed a summary judgment motion.  Plaintiffs disclosed Dr. Ramon as Teniesha Adams' treater as well as her other treaters at the time of plaintiffs' initial disclosures on June 27, 2006.  (See plaintiffs' initial disclosures marked as Plaintiffs' Exhibit 1.)

  Further plaintiffs were deposed on September 12, 2006.  Teniesha Adams testified she went to the hospital the day after the incident and was later treated by Dr. Ramon.  (Ms. Adams' Deposition Transcript, pp. 27-29.  Relevant portions of Ms. Adams' deposition transcript are marked as Plaintiffs' Exhibit 2.)  Ms. Adams further described her treatment as well testified that she underwent x-rays and was scheduled for an MRI.  (Adams, pp. 29-30.)  Brenda Wilson also testified that Teniesha went to the emergency room the next day and followed up with Dr. Ramon.  (Ms. Wilson's deposition transcript, pp. 17-18.  Relevant portions of Ms. Wilson's deposition transcript are marked as Plaintiffs' Exhibit 3.)  Ms. Wilson also testified that her daughter had an MRI.  (Wilson, p. 19).

  Further on March 3, 2007, as part of plaintiffs' second supplemental discovery disclosure, plaintiffs disclosed that they had requested Dr. Ramon's office records and bills for services and would provide a copy of said records upon receipt.  (See plaintiffs' Second Supplemental Discovery Disclosures marked as Plaintiffs' Exhibit 4.)  As soon as Dr. Ramon's

2

records were received, plaintiffs' attorney forwarded them to defendant's attorney which defendant's attorney admits receiving on March 13, 2007. Defendant was informed on several occasions prior to March 8, 2007 that Teniesha Adams sought medical treatment and that Dr. Ramon was her treating doctor. Defendant has set forth no argument that plaintiffs improperly withheld any medical records or bills within their possession nor has defendant cited any authority requiring plaintiffs to obtain medical records or bills on defendant's behalf. Dr. Ramon's records were equally accessible to the defendant at any time either through subpoena or deposition. Defendant's motion further lacks merit because she claims no surprise or prejudice as a result of receiving these records and bills for services five days after the discovery cut-off date. Further, plaintiffs' production of Dr. Ramon's records on June 8, 2007 was simply a copy of his records that were certified in preparation for trial.

9. Plaintiffs further object to defendant's seventeenth motion in limine because plaintiffs identified Teniesha Adams' treaters in her initial disclosures and produced medical records regarding her care and treatment from Kenneth Hall Regional Hospital on August 15, 2006, March 3, 2007 and March 6, 2007. In addition, plaintiffs restate their arguments presented in opposition to defendant's sixteenth motion in limine.

10. Plaintiffs further object to defendant's eighteenth, nineteenth and twentieth motions in limine restating their arguments presented in opposition to defendant's sixteenth and seventeenth motions in limine.

11. Plaintiffs further object to defendant's twenty-first motion in limine because it is vague and ambiguous. A motion in limine and any subsequent order are to be clear so that all parties concerned have an accurate understanding of its limitations. Reidelberger vs. Highland Body Shop, Inc., 83 Ill. 2d. 545, 550, 416 N.E. 2d. 268 (Ill. 1981).

12. Plaintiffs further object to defendant's twenty-fifth motion in limine because it is vague and ambiguous as to defendant's meaning of Teniesha Adams being "recently examined." A motion in limine and any subsequent order are to be clear so that all parties concerned have an accurate understanding of its limitations. Reidelberger vs. Highland Body Shop, Inc., 83 Ill. 2d. 545, 550, 416 N.E. 2d. 268 (Ill. 1981).

WHEREFORE, plaintiffs, respectfully request that this Court deny defendant's motions in limine 4, 5, 7 through 9, 12 through 22 and 25 and for such further relief that this Court deems equitable and just.

KOPIS LAW OFFICE

By: /s/Jeffrey A. Kopis
William F. Kopis #1508385
Jeffrey A. Kopis #06211025
Attorneys for Plaintiffs

KOPIS LAW OFFICE
215 West Washington
P.O. Box 505
Belleville, IL 62222
Tele: (618) 222-2800
Fax: (618) 222-2807

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRENDA WILSON,          )<br>     as mother and next friend of   )<br>TENIESHA ADAMS, a minor   )<br>                                                 )<br>          Plaintiffs,                    )<br>vs.                                           )<br>                                                 )<br>PHYLLIS JACKSON,         )<br>                                                 )<br>Defendant.                             ) | CASE NO.  06- 369-MJR |

### CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2007 that Plaintiffs' Objections to Defendant's Motions In Limine was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Attorney Donald J. Ohl
Knapp, Ohl & Greene
6100 Center Grove Road
PO Box 446
Edwardsville, IL  62025

There are no non-registered participants.

KOPIS LAW OFFICE

By: /s/Jeffrey A. Kopis
      Jeffrey A. Kopis #06211025
      Attorney for Plaintiffs

KOPIS LAW OFFICE
215 West Washington
P.O. Box 505
Belleville, IL 62222
Tele: (618) 222-2800
Fax:  (618) 222-2807

4