IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRENDA WILSON, as mother and next friend of Teniesha Adams, a minor, and TENIESHA ADAMS,<br><br>    Plaintiffs,<br><br>vs.<br><br>PHYLLIS JACKSON,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 06-cv-0369-MJR<br>)<br>)<br>)<br>) |

### ORDER ON DEFENDANT'S MOTION IN LIMINE

**REAGAN, District Judge:**

the Court Orders as follows:

**Doc. 42:** Defendant's Motion in Limine with subparts -

1. That all witnesses, other than the parties to the lawsuit, be excluded from the courtroom and separated so as to prevent their discussion of trial testimony during the taking of testimony is **GRANTED** by agreement of the parties;

2. That any party is covered by liability insurance is **GRANTED** by agreement of the parties;

3. Mentioning the relative wealth or poverty of the parties is **GRANTED** by agreement of the parties;

4. Mentioning the costs of medical services received by Plaintiff relative to the accident that is the subject matter of her Complaint, unless she has a medical bill marked paid for a specific amount or can show that she has paid or become obligated to pay a specific amount, is **DENIED** because other evidentiary foundations are available that would make the bills admissible;

5. That Plaintiff's medical expenses for services rendered as a result of the

accident that is the subject matter of her Complaint are in excess of those amounts paid by Medicaid as Plaintiff is not obligated to repay any amounts over said sums paid by Medicaid is **GRANTED**, *see Wills v. Foster*, **867 N.E.2d 123 (Ill.App. 4th Dist. April 18, 2007)**;

6. The value of pain and suffering placed in monetary terms and measured per unit of time is **GRANTED**;

7. That Plaintiff will incur future medical treatment or the cost of such treatment is **RESERVED** pending presentation of a proper foundation at trial;

8. That Plaintiff will suffer future pain or suffering is **RESERVED** pending presentation of a proper foundation at trial;

9. That Plaintiff will suffer future disability from her injuries or that she has suffered any disfigurement is **RESERVED** pending presentation of a proper foundation at trial;

10. Mentioning the settlement negotiations between the parties is **GRANTED** by agreement of the parties;

11. Mentioning any alleged violation of a statute not specifically cited in Plaintiff's Complaint is **GRANTED** by agreement of the parties;

12. Barring "Patient's Condition Form" from Kenneth Hall Hospital, as form was prepared by Plaintiff and not by a health care professional in the ordinary course of business is **RESERVED** pending questioning and presentation of a proper foundation at trial;

13. Barring as evidence any statement in any medical record attributable to Plaintiff that might tend to indicate fault or liability of any party is **RESERVED** pending presentation of a proper foundation at trial;

14. That Plaintiff's expert witness(es) be precluded from offering any testimony inconsistent with, or beyond the scope of facts known, or opinions disclosed in discovery is

**RESERVED** pending specific questions and presentation of a proper foundation at trial;

15. Mentioning Plaintiff's inability to afford past, present or future care of treatments of injuries allegedly sustained in the incident complained of in her Complaint is **GRANTED**;

16. Barring all documents or records not disclosed and produced to Defendant in response to Defendant's Request for Production or pursuant to Rule 26 prior to the discovery cut-off date of March 8, 2007, and, in particular, the records of Dr. Ramon which were not produced to Defendant until March 13, 2007, and June 8, 2007, is **DENIED**;

17. Barring testimony from any witness regarding the receipt of or need for medical treatment or of any complaints regarding physical or medical condition unless the receipt of such treatment, need for such treatment and complaints are supported by competent medical evidence, in particular evidence of any treatment or need for treatment subsequent to September 21, 2005, as such records were not produced prior to March 8, 2007, is **DENIED**;

18. Barring testimony of any health care provider unless such provider was disclosed by name and address pursuant to Rule 26 and such provider's records, opinions or reports were produced to Defendant prior to March 8, 2007, and, in particular, any testimony of Dr. Ramon is **DENIED**;

19. Barring testimony of any other expert witness not disclosed in compliance with Rule 26 prior to March 8, 2007, and identified by name, along with a statement as to the opinion to be rendered and the basis thereof is **DENIED** without prejudice as overbroad, with leave to restate at trial;

20. Barring any testimony not disclosed in Plaintiff's answers to Defendant's interrogatories or in Plaintiff's Rule 26 Disclosures prior to the discovery cut-off date of March 8,

2007, is **DENIED** without prejudice as overbroad, with leave to restate at trial;

21. Barring personal opinion testimony of Plaintiff's expert that certain standards impose a legal duty on Defendant is **DENIED**;

22. Barring any expert testimony where there is a lack of factual foundation or basis, is **DENIED** without prejudice as overbroad, with leave to restate at trial;

23. That Plaintiff suffered a loss of earnings, absent competent evidence as to the amount of said loss of earnings based upon a fair degree of probability is **GRANTED** by agreement of the parties;

24. Mentioning any other prior incidents when there has been no disclosure of a prior incident with substantial similarity to the incident involved in her case is **GRANTED** by agreement of the parties; and

25. That Plaintiff sustained a permanent injury in the absence of competent, admissible and previously disclosed medical evidence that Plaintiff was recently examined to support such an opinion is **RESERVED** pending questioning, argument and presentation of a proper foundation at trial.

For docketing purposes, Defendant's Motion in Limine (Doc. 42) is **GRANTED IN PART, DENIED IN PART** and **RESERVED IN PART**, as set forth above.

**IT IS SO ORDERED.**

**DATED this 2nd day of July, 2007**

                                              **s/Michael J. Reagan**
                                              **MICHAEL J. REAGAN**
                                              **United States District Judge**